PROPRIETORS OF BAPTIST MEETING-HOUSE IN ST. ALBANS *vs.*
NATHAN M. WEBB *et al.*

Somerset, 1876.—March 3, 1877.

*Evidence.   Corporations.*

When the records of a corporation are shown to have been burned, parol evidence of their contents is admissible.

A corporation is not dissolved by merely neglecting to exercise its corporate powers.

ON REPORT, on so much of the evidence as is legally admissible.

WRIT OF ENTRY, for a lot of land in that part of Hartland which was formerly a portion of St. Albans.

The defendants pleaded in abatement that there was no such corporation. The issue was on the plaintiffs' rejoinder traversing the plea.

The evidence tended to show, that a meeting-house was built on the lot in 1842; that the proprietors were organized under the statute as a corporation in 1844; and that their records were burned in 1849.

The presiding justice, after the preliminary proof of loss of records, allowed evidence to be received of their contents.

A deed of the lot of a half acre more or less, in St. Albans, from Henry Warren to the plaintiffs, dated December 25, 1841, was in the case.

There was evidence that the corporation discontinued regular business meetings soon after the pews were conveyed by deeds dated November 9, 1842, signed Peleg C. Haskell and Alonzo Stewart, committee of the proprietors of the Baptist meeting-house, with the "seal of corporation."

A majority of the pew-holders with others, organized in 1870, and voted "that the following name be adopted by which this corporation should be known, viz: the 'Proprietors of the Union meeting-house in Hartland.'" They afterwards chose an allotment committee, and "allotted the house to certain denominations according to the number of pews handed in by each expressing their preference."

*F. A. Wilson* and *C. F. Woodard* with *E. Kent*, for the plaintiffs.

*S. D. Lindsey*, for the defendants.

APPLETON, C. J. This is a writ of entry brought by the plaintiffs to recover a lot of land upon which a meeting-house is erected.

The plea is that there is no such corporation.

The records of the corporation are shown to a reasonable certainty to have been burnt.

The records having been lost, parol evidence is admissible to

show the organization of the plaintiff corporation and action under it. This original organization was under c. 377, incorporated in the revision of 1841, c. 19, § 1. It appears that there was an application to call a meeting, that a meeting was had, that a clerk, treasurer and committee were duly chosen, that the lot of land on which the meeting-house was erected was deeded to the plaintiffs by their corporate name, that the meeting-house was built by their committee, and that the pews were deeded to the several pew-holders by deed of their committee, to which the seal of the corporation was affixed, or what was claimed to be such seal. These proceedings took place more than forty years ago. It is not to be expected that after such a lapse of time the particular votes of each meeting should be accurately remembered, especially, when they were committed to writing in the records of the corporation.

It is alleged that for a time the plaintiff corporation omitted to have corporate meetings ; but a corporation is not dissolved by merely ceasing to exercise its powers. *Rollins* v. *Clay*, 33 Maine, 132. There was no dissolution of the corporation. *Hodsdon* v. *Copeland*, 16 Maine, 314.

It is immaterial in this suit to consider whether the "Proprietors of the Union meeting-house in Hartland" is a legal corporation or not. If it be one, it does not disprove the existence of the plaintiff corporation. If it be not one, its non-existence is as immaterial to the rights of the plaintiff as would be its existence.

The evidence satisfactorily shows the corporate existence of the plaintiffs; and according to the agreement of the parties, they are entitled to judgment.      *Judgment for the plaintiffs.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.